## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

JOSÉ LUIS CARRIÓN-RAMOS,

     Plaintiff,

         v.

NESTLÉ DE PUERTO RICO, INC.,

     Defendant.

**Civil No. 14-1137 (SEC)**

## OPINION AND ORDER

Before the Court is Plaintiff's motion for voluntary dismissal without prejudice, Docket # 26, and Defendant's opposition thereto. Docket # 27. After reviewing the filings and the applicable law, the motion is **GRANTED subject to the conditions stated below**.

### Factual and Procedural Background

José Luis Carrión-Ramos (Carrión or Plaintiff) first filed this discrimination suit in January 2014, in the Puerto Rico court of first instance alleging that Nestlé de Puerto Rico, Inc. (Nestlé or Defendant) wrongfully terminated him on account of his sex, age, and disability condition. Docket # 1-1. The complaint invoked several causes of action under Puerto Rico law, but relevant to the issue at hand, it also included a cause of action under the Americans with Disabilities Act, 42 U.S.C. §§ 12111 et seq., which prompted Defendant to remove this case to federal court. Docket # 1. After removal, Plaintiff filed an amended complaint which included an additional federal cause of action under the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1) et seq. Docket # 17, ¶ 48.

On May 28, 2014, the parties filed a joint discovery plan where they agreed that expert witness reports would be due by September 30, 2014. Docket # 20 at 2.  Both parties also represented that at the time, they did not intend to retain an expert witness. Id. Apparently, at some point Carrión changed his mind and decided to retain psychiatrist Dr. Neftalí Rodríguez – who had first examined Carrión in May 25, 2013 – as an expert witness to prove his emotional damages. However, it was not until October 30, 2014, a month after the initial deadline had expired, that Plaintiff submitted a deficient report in the Spanish language in contravention of Local Rule 5(g), and which, by his own admission, failed to meet the requirements of Federal Rule of Civil Procedure Rule 26(a)(2)(B). See Docket # 30, at 2.

Thereafter, Carrión requested multiple extensions of time from Nestlé to produce a report in compliance with applicable rules. See Docket # 25, Exhibits ## 2-6. Yet, Carrión repeatedly failed to submit the report by his self-imposed deadlines. On the morning of December 2, 2014, counsel for Plaintiff informed Nestlé that she was expecting the report that day. Docket # 25-6. Later that night, however, Carrión filed a motion requesting a final extension of time of 10 days to produce the report. Docket # 23, ¶ 7. In that motion, Carrión asserted for the first time[1] that he failed to produce a proper report because Dr. Rodríguez was suffering from an unspecified medical condition and because he had prior professional commitments to attend. See Dockets ## 23 & 24. Once again, Carrión failed to submit the report by his self-imposed deadline. Instead, he filed a notice of voluntary dismissal under Rule 41(a)(1)(A)(i) arguing that he was entitled to voluntary dismiss the case without a court order because Nestlé had not yet filed a motion for summary judgment. See Docket # 26. But of course, because Nestlé had already answered the complaint, see Dockets ## 9 & 19, and Plaintiff did not obtain a stipulation from Nestlé, Rule 41(a)(1) does not apply.

---

[1] Plaintiff made no mention of Dr. Rodríguez's alleged medical condition on the multiple emails she sent requesting extensions of time.

Thus, the Court construes Plaintiff's "notice" as a motion for voluntary dismissal under Rule 41(a)(2).

### Standard of Review

Where a defendant has answered the complaint or moved for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Under this rule, the district court must exercise its discretion to ensure that "no other party will be prejudiced." Doe v. Urohealth Sys., Inc., 216 F.3d 157, 160 (1st Cir. 2000) (quoting P.R. Mar. Shipping Auth. v. Leith, 668 F.2d 46, 50 (1st Cir. 1981)); see also, Colón–Cabrera v. Esso Standard Oil Co.,723 F.3d 82, 87 (1st Cir. 2013). Unless the court orders otherwise, the dismissal is without prejudice. Dismissal without prejudice is thus the norm, "unless the court finds that the defendant will suffer legal prejudice." Colón-Cabrera., 723 F.3d at 87.

### Applicable Law and Analysis

The key issue is whether Nestlé would be unfairly prejudiced if the Court allows Plaintiff to voluntarily dismiss this case without prejudice.  See Barnes-De-Latexera v. San Jorge Children's Hosp., 62 F. Supp. 3d 212, 216 (D.P.R. 2014). This analysis turns on the so-called Pace factors which require the district court to consider: 1) the defendant's efforts and expenses incurred in litigation; 2) excessive delay and lack of diligence by the plaintiff in prosecuting the action; 3) the legitimacy of the explanation given for the need to take a dismissal; and 4) whether the defendant filed a motion for summary judgment. See Doe, 216 F.3d at 160 (citing Pace v. Southern Express Co., 409 F.2d 331, 334 (7th Cir. 1969)); see also Colón-Cabrera, 723 F.3d at 88. But courts need not circumscribe their analysis to these factors. This is because "[t]he enumeration of the[se] factors ... is not equivalent to a mandate that each and every such factor be resolved in favor of the moving party before dismissal is appropriate." Doe, 216 F.3d at 160 (quoting Tyco Labs., Inc. v. Koppers Co.,627 F.2d 54, 56 (7th Cir. 1980)). Rather, it is simply "a guide for the trial judge, in whom the

discretion ultimately rests.'" <u>Id.</u> "The very concept of discretion presupposes a zone of choice within which the trial courts may go either way [in granting or denying the motion]." <u>Id.</u> (quoting <u>Kern v. TXO Prod. Corp.</u>, 738 F2d. 968, 971 (8th Cir. 1984).

 The first factor – Nestlé's efforts and expenses in preparation for trial – favors dismissal without prejudice. Nestlé has not shown that it has incurred in significant costs or that it has invested a considerable amount of time and resources defending this case. Contrary to what happened in <u>Doe v. Urohealth Systems, Inc.</u>, Nestlé has not incurred in expert witness' fees nor has Carrión engaged in dilatory discovery practices. <u>See</u> 216 F.3d at 161. As it stands, the parties have litigated this case for less than a year and only Plaintiff's deposition has been taken. Likewise, Nestlé has not filed a motion for summary judgment, and therefore, the fourth factor also favors dismissal without prejudice.

 Because the second factor – Carrión's explanation for the need to take a dismissal – is related to the third factor – the diligence (or lack thereof) that Carrión employed in prosecuting this action, the Court will consider them simultaneously. On this point, Nestlé argues that Carrión did not provide an explanation to justify his need for a voluntary dismissal and that his consistent failure to comply with numerous self-imposed deadlines to produce a proper report demonstrates lack of diligence. <u>See</u> Docket # 27, at 3. Carrión counters that his desire to dismiss stems from to his inability to produce the expert report in full compliance with Fed. R. Civ. P. 26(a)(2)(B) and Local Rule 5(g), which he attributes to an alleged "grave illness" suffered by Dr. Rodríguez and to lack of funds to retain another expert. <u>See</u> Docket # 30, at 2-3. Carrión argues that, as a result, he "lacks medical professional assistance that can properly verify the emotional damages sought to recover on [his] Amended Complaint." <u>Id.</u>

 Plaintiff's proffered excuse is hard to swallow. At the outset, the Court notes that Carrión never mentioned Dr. Rodríguez's medical condition as a justification in the multiple extensions of time that he requested from Nestlé to produce the report.

See Docket # 25, Exhibits ## 2-6. Moreover, Carrión does not even attempt to explain Dr. Rodríguez's medical condition or how it impairs his ability to render a proper report. But even if the Court takes Plaintiff's excuse at face value, Dr. Rodríguez's alleged medical condition does nothing to explain why the report was submitted in the Spanish language in the first place. Dr. Rodríguez evaluated Plaintiff on May 25, 2013, see Docket # 25-1, long before this action was initially filed in the Commonwealth court. Thus, when Carrión represented in the joint discovery plan that he did not intend to retain an expert witness, see Docket # 20, ¶ 3, Dr. Rodríguez had already examined him. See Docket # 25-1. If the report was in fact prepared after the filing of the joint discovery plan, Carrión's counsel should have certainly instructed Dr. Rodríguez to draft it in the English language. Carrión, however, has been less than forthcoming in this regard. For instance, he does not even mention the date when Dr. Rodríguez issued the report and the report itself contains no date of issuance. See Docket # 25-1. A more reasonable and logical explanation would be that Dr. Rodríguez drafted his report before the case was removed from the Commonwealth court where reports are allowed to be filed in the Spanish language. But that would not help Carrión either. On the contrary, in that hypothetical scenario, a diligent plaintiff would have begun its efforts to procure an amended report since the first appearance in federal court. Carrión's lack of economic capacity to retain another expert is no valid excuse either. See In re FEMA Trailer Formaldahyde Products Liab. Litig., 628 F.3d 157, 163 (5th Cir. 2010) (affirming the district court's entry of dismissal with prejudice, remarking that "[w]hen a plaintiff files any court case…sitting back is not an option. He must be prepared to undergo the costs, psychological, economic and otherwise, that litigation entails.").

Furthermore, Carrión has other available options to prove his emotional damages. As a threshold matter, expert testimony is not required to prove emotional damages. See Méndez-Matos v. Municipality of Guaynabo, 557 F.3d 36, 47 (1st Cir. 2009) ("A plaintiff does not need to present expert testimony to recover damages for

emotional distress caused by the violation of his civil rights") (citing Bolden v. Se. Penn. Transp. Auth., 21 F.3d 29, 34 (3d Cir. 1994). But even if it was, Carrión alleges that he has been receiving therapeutic treatment for his emotional damages with psychologist Dr. Javier Rodríguez and psychiatrist Dr. Victor Mariano since at least early 2012. See Docket # 17, ¶ 21. As treating physicians, these doctors "are not bound by the expert report requirements of Rule 26 so long as they limit their testimony to those opinions they formed and relied on during the course of their examination and/or treatment of the patient." González v. Executive Airlines, Inc., 236 F.R.D. 73, 79 (D.P.R. 2006).[2] This means that assuming Carrión disclosed these treating physicians as potential witnesses, they should be able to testify as to his emotional damages.

Because Carrión did not demonstrate due diligence in securing a proper expert report, the consequences of his failure to produce such a report cannot serve as a legitimate explanation for the need to take a dismissal. The second and third factors, therefore, favor Defendants. But other than the tardy and deficient production of Dr. Rodríguez's report, the record does not reveal any other instance where Plaintiff has shown lack of diligence in prosecuting this case. Neither has he excessively delayed the case as he requested voluntary dismissal with less than a year of litigation, and a month before the discovery deadline. After considering the equities of this case, together with the foregoing Pace factors, the Court finds that dismissal without prejudice is the proper course of action.

Nevertheless, Rule 41(a)(2) allows the district court to grant a dismissal at a plaintiff's request "on terms that the court considers proper." Fed. R. Civ. Pro. 41(a)(2). "The purpose of this long-standing and well-established practice is to protect the defendant." See Mateo, 287 F.R.D. at 129 (internal citations omitted). Relying on this rule, and as an alternative to dismissal with prejudice, Nestlé seeks an award for

---

[2] The record is unclear as to whether Dr. Rodríguez has served as a treating physician or merely as an expert witness. Nestlé's suggestions that Dr. Rodríguez is apparently one of Plaintiff's treating physicians, see Docket # 21, at 21, seems consistent with Dr. Rodríguez's statement that he treated Carrión from May 25, 2013 through at least September 30, 2014. See Docket # 25-1, at 11.

the costs incurred in taking Carrión's deposition and printing copies. Docket # 27, ¶ 14 n. 2. "The purpose of such awards is generally to reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty) taken by defendant that the same suit will be refiled and will impose duplicative expenses upon him." Colombrito v. Kelly, 764 F.2d 122, 133 (2d Cir.1985). The Court disagrees because the costs that Nestlé seeks are in no way a result of vexatious litigation by Carrión,[3] nor would they entail duplicative expenses. Rather, they are ordinary costs of litigation that could be easily carried over to a subsequent action. See Mateo v. Empire Gas Co., 287 F.R.D. 124, 129 (D.P.R. 2012) (the costs and expenses "shall not include '[t]hose expenses for items that will be useful in another action or that were incurred by the defendant unnecessarily'") (quoting 9 Wright & Miller, Federal Practice and Procedure: Civil 3d § 2366, at 524-26 (3ed. 2008)).

That is not to say that the Court will allow Carrión to waltz away without consequence. Carrión readily admits that he requested voluntary dismissal to avoid the imminent exclusion of Dr. Rodríguez's testimony. But a plaintiff "is not permitted to dismiss merely to escape an adverse decision…" Barnes-De-Latexera, 62 F. Supp. 3d at 217 (denying dismissal without prejudice filed to avoid subjecting the plaintiff to a deposition) (internal quotations and citations omitted). To be sure, the Court will allow voluntary dismissal without prejudice; but if this case finds its way back to federal court, the case shall continue under the same circumstances as it stands. That is, Carrión will not be allowed to introduce expert testimony in a subsequent litigation in federal court. See e.g. LeBlang Motors, Ltd. v. Subaru of Am., Inc., 148 F.3d 680, 686 (7th Cir. 1998) (conditioning dismissal without prejudice on the condition inter alia "[t]hat all rulings and orders in the instant case apply to the parties in any subsequent refiled action and the parties stand ready for trial upon the refiling of the case"). Moreover, Carrión may not oppose the use of existing discovery in any subsequent

---

[3] See BD ex rel. Jean Doe v. DeBuono, 193 F.R.D. 117, 123 (S.D.N.Y. 2000) (considering "'undue vexatiousness' on the plaintiff's part" as a relevant factor in finding legal prejudice.)

action. See e.g. Templeton v. Nedlloyd Lines, 901 F.2d 1273, 1275–1276 (5th Cir. 1990) (per curiam) (noting that the defendant's "trial preparation will not be wasted because the district court conditioned the dismissal of the plaintiffs' stipulation that they would not oppose the use of existing discovery in the pending state-court action").

Finally, Carrión is forewarned that the "[c]onsequence of failure to meet [these] conditions is prejudicial dismissal." Mateo, 287 F.R.D. at 129 (internal citations and quotations omitted). If, however, Carrión deems the foregoing terms and conditions too onerous, he may withdraw his request for dismissal and proceed with this action. See id. (collecting cases). Accordingly, the Court will delay entry of Judgment for eleven days during which Carrión may withdraw his Rule 41(a)(2) motion.

**Conclusion**

For the reasons stated, Plaintiff's motion is **GRANTED subject to the conditions stated above.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 17th day of December, 2015.

                                        *s/ Salvador E. Casellas*
                                        SALVADOR E. CASELLAS
                                        U.S. Senior District Judge